Dear Mr. Smith:
This letter is issued to you pursuant to Section 610.027.5, RSMo Supp. 1984, on behalf of the Oregon County R-IV School District, in response to a question asking:
 Are the enrollment cards, census cards, and health cards of students, copies of which are attached, both front and back, and incorporated herein by reference, "public records" as defined in Chapter 610.010-.030 of the Revised Statutes of Missouri, 1979, as amended, (the so-called "Sunshine Law") so that the information recorded thereon by Oregon County R-IV School District is open for inspection and/or copying by the public in general and the Missouri NEA in particular?
As we understand the situation, the Oregon County R-IV School District has received a request from Bob LeMon, a representative of the Missouri National Educational Association for a:
 Complete list of all names and addresses of parents with children in school. If no list exist[s], I will copy whatever card or file you have available.
The enrollment card in question contains blanks for the student's grade, name, birthdate, date of enrollment, school last attended, parent or guardian, parents' or guardian's address, the parents' or guardian's home and business phone numbers, who to contact in case of emergency, doctor's name, and a listing of the student's subjects and teachers.
The census card in question contains blanks for the child's name, the father's name, the mother's name, address, telephone number, bus driver, birthdate, place of birth, sex, race, age on September 1, and certain other blanks for remarks.
The health card in question contains blanks for the student's name, phone number, address, sex, race, birthdate, parents' names, parents' employers, name of school, family physician, family dentist, eye specialist, grade, age, height, weight, vision testing, hearing testing, dental examination, scoliosis screening, blood pressure, eyes, ears, nose, throat, neck, lungs, thorax, heart, abdomen, feet, skin, histories for accidents, allergies, chicken pox, convulsions, ear infections, rubella, hepatitis, measles, mumps, operations, pneumonia, poliomyelitis, rheumatic fever, strep. throats, tuberculosis, whooping cough, and histories for the following immunizations: DTP, DTP-Booster, DT, DT-Booster, Td, Td-Booster, Polio-Type, Polio-Booster, Measles, Mumps, Rubella, MR, MMR, and Tuberculin test.
Section 610.015, RSMo 1978, states: "Except as provided in section 610.025, and except as otherwise provided by law, . . . public records shall be open to the public for inspection and duplication."
Section 610.010(4), RSMo Supp. 1984, states:
 As used in sections 610.010 to 610.030
and 610.100 to 610.115, unless the context otherwise indicates, the following terms mean:
* * *
 (4) "Public record", any record retained by or of any public governmental body including any report, survey, memorandum, or other document or study prepared and presented to the public governmental body by a consultant or other professional service paid for in whole or in part by public funds; provided, however, that personally identifiable student records maintained by public educational institutions shall be open for inspection by the parents, guardian or other custodian of students under the age of eighteen years and by the parents, guardian or other custodian and the student if the student is over the age of eighteen years;
[Emphasis added.]
Section 610.025.4 and .5, RSMo Supp. 1984, state:
 4. Other meetings, records or votes as otherwise provided by law may be a closed meeting, closed record, or closed vote.
 5. Before any meeting, record, or vote may be a closed meeting, closed record, or closed vote, the governmental body shall vote on the question of making the meeting, record, or vote closed and such question shall receive an affirmative, public vote of a majority of the quorum of the body. The vote of each member on the question of holding the closed meeting, record, or vote and the reason for holding the closed meeting, record or vote by reference to a specific reason under the provisions of this section shall be announced publicly at an open session and entered into the minutes. Notice of the closed meeting, record, or vote shall also be given as provided in section 610.020. A closed meeting, record, or vote shall be held only to the extent a closed meeting, record, or vote is necessary for the specific reason announced and the governmental body shall not discuss any business during a closed meeting, record, or vote which does not directly relate to the specific reason announced as justification for the closed meeting, record, or vote.
The "student records proviso" italicized above appears to have been enacted in response to the Federal Family Educational Rights and Privacy Act, as amended, 20 U.S.C. § 1232g (1976 and Supp. V 1981). With certain exceptions, this federal statute cuts off the flow of federal funds to schools that have a policy or practice of releasing personally identifiable information other than directory information contained in students' educational records without the parents' or student's consent. Directory information may only be released after giving public notice of the categories of information that is deemed directory and allowing a reasonable period of time after such notice for a parent to inform the institute or agency not to release such without the parent's prior consent. The Sunshine Law contains no such consent or notice provisions.
34 C.F.R. Section 99.3 (1984) defines the term "personally identifiable" as "(a) the name of the student, the student's parent, or other family member, (b) the address of the student, (c) a personal identifier, such as the student's social security number or student number, (d) a list of personal characteristics which would make the student's identity easily traceable, or (e) other information which would make the student's identity easily traceable."
The term "directory information" is defined in20 U.S.C. § 1232g(a)(5)(A) (1976 and Supp. V 1981), as "the student's name, address, telephone listing, date and place of birth, major field of study, participation in officially recognized activities and sports, weight and height of members of athletic teams, dates of attendance, degrees and awards received, and the most recent previous educational agency or institution attended by the student."34 C.F.R. Section 99.3 (1984) defines the term "directory information" in the same manner, except it adds the words "and other similar information" to the list. The "other similar information" proviso appears to include the names and addresses of the student's parents.
As the apparent purpose of the "student records proviso" in the Sunshine Law is to implement the Federal Family Educational Rights and Privacy Act, as amended, we do not believe that the General Assembly intended to extend the confidentiality of student records beyond that required by the federal act. Accordingly, we conclude that the term "personally identifiable student records" in Section 610.010(4), RSMo Supp. 1984, does not include "directory information" as that term is defined in 20 U.S.C. § 1232g(a)(5)(A) (1976 and Supp. V 1981) and34 C.F.R. Section 99.3
(1984). Student directory information is a "public record" within the definition found in Section 610.010(4), RSMo Supp. 1984.
There are two "unless otherwise provided by law" provisos in the Sunshine Law: one in Section 610.015, RSMo 1978, and one in Section 610.025.4, RSMo Supp. 1984. The Section 610.015, RSMo 1978 "otherwise provided by law" proviso applies when the closure of the record is mandated by the other law; the Section 610.025.4, RSMo Supp. 1984 "otherwise provided by law" proviso applies when the closure of the record is discretionary with the public governmental body. See, Opinion Letter No. 119-84.
Once a school district elects to accept federal funds tied to the Federal Family Educational Rights and Privacy Act, as amended, the federal procedures are obligatory. 20 U.S.C. § 1232g(a)(5)(B) (1976 and Supp. V 1981) allows the release of directory information only after the giving of public notice of the categories of information deemed directory and a reasonable time for parental objection to the release of the types of information described without the parent's consent. Accordingly, a school district may release directory information only upon compliance with the federal act; the "otherwise provided by law" proviso of Section 610.015, RSMo 1978, requires the closure of such directory information until such procedures are complied with, if the school district accepts federal moneys tied to the Federal Family Educational Rights and Privacy Act, as amended.
If the school district does not receive federal moneys tied to the Federal Family Educational Rights and Privacy Act, as amended, then there is no law to otherwise provide for directory student information, and such information may be released as a public record without compliance with the federal procedures.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General